Nathanael Jenkins, Pro Se
5000 Taku Drive
Anchorage, Ak 99508
907-538-4343
npj419@gmail.com



RECEIVED
DEC 27 2021
CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK

In the United States District Court

For the District of Alaska

| | |
|---|---|
| Nathanael Jenkins,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ACDA/EASY PARK,<br><br>　　　　　Defendant. | Case No. 3:20-cv-00217-SLG<br><br>**Motion of Summary Judgement** |

Plaintiff Nathanael Jenkins, moves for summary judgment on all of the claims in the Complaint pursuant to Fed. R. Civ. P. 56.

### CLAIMS AND DEFENSES UPON WHICH JUDGMENT IS SOUGHT

A. Plaintiffs are entitled to Summary Judgment on Claim 1:

1. Burden of proof and elements

The Plaintiff's claim of retaliation practices under EEO law, requires the Plaintiff to establish, by a preponderance of the evidence, a prima facie case that:

(i) Retaliation occurs when an employer takes a materially adverse action

(ii) Retaliation occurs when an employer takes a materially adverse action because an applicant or employee asserts rights protected by the EEO laws.

(iii) Asserting EEO rights is called "protected activity."

2. Elements that cannot be proven by Defendant

Element 1: The plaintiff contends the defendant took a materially adverse action.

- A. The defendant cannot demonstrate a triable issue of fact the defendant did not take a materially adverse action
- B. The defendant cannot demonstrate a triable issue of fact that the plaintiff does not have a prima facie case the defendant took a materially adverse action [Exhibit Audio] A
- C. The defendant cannot demonstrate a triable issue of fact that the termination wasn't a materially adverse action

Element 2: The plaintiff contends the defendant took a materially adverse action because the plaintiff asserted rights protected by EEO laws.

A. The defendant cannot demonstrate a triable issue of fact the defendant did not take a materially adverse action because the plaintiff asserted rights protected by EEO law.

B. The defendant cannot demonstrate a triable issue of fact that the termination wasn't a materially adverse action

C. The defendant cannot demonstrate a triable issue of fact that the termination wasn't a materially adverse action because the plaintiff has evidence the defendant took a materially adverse action [Exhibit][Defendant]

D. The defendant has evidence the defendant took a materially adverse action because the plaintiff asserted rights protected by EEO laws.

Element 3: The plaintiff contends the plaintiff assertered EEO rights a "protected activity"

A. The defendant the employer took an materially adverse action during a protected activity asserted by the plaintiff

B. The defendant the employer took a materially adverse action against the plaintiff during the protected activity when the plaintiff documented evidence of the violation of EEO rights

C. The defendant cannot demonstrate a triable issue of fact the plaintiff did not assert EEO law

    D. The plaintiff has a preponderance of evidence the defendant took a materially adverse action because the plaintiff asserted rights protected by the EEO law

    E. The defendant cannot demonstrate a triable issue of fact the defendant did not take an materially adverse action during a protected activity asserted by the plaintiff or there is a prima facie case the defendant took a materially adverse action because the plaintiff asserted rights protected by the EEO law

    F. The defendant cannot demonstrate a triable issue of fact that there not preponderance of evidence that the defendant took a materially adverse action because the plaintiff asserted rights protected by EEO law

## B. Plaintiffs are entitled to Summary Judgment on Claim 2:

### 1. Burden of proof and elements

The Plaintiff's claim of unlawful employment practices Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2 practices under U.S. Code , requires the Plaintiff to establish, by a preponderance of the evidence, a prima facie case that:

(i) Unlawful employment practices Employer practices- It shall be an unlawful employment practice for an employer -to fail or refuse to hire or to discharge any individual, or otherwise to race, color, religion, sex, or national origin;

*(ii) or to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any b individual of employment opportunities or otherwise adversely affect his status as an employee, because of*

*such individual's race, color, religion, sex, or national origin.*

<u>2. Elements that cannot be proven by Defendant</u>

<u>Element !:</u>  The plaintiff contends the dedendant discriminated against the plaintiff based on sex

- A. The defendant cannot demonstrate a triable issue of fact the defendant did not discriminate against the plaintiff with respect to the plaintiffs compensation, terms, conditions, or privileges of employment, because of the plaintiffs sex
- B. The defendant cannot demonstrate a triable issue of fact the defendant did not discriminate against the plaintiff with respect to the plaintiffs sex based on terminating; causing a materially adverse action, during a protected activity EEO rights asserted by the plaintiff
- C. The defendant taking a materially adverse action during the plaintiff asserting EEO rights "protected activity" was discrimination based on sex

Element 2:  The plaintiff contends the defendant deprived the plaintiff of employment opportunities, other wisely adversely affected the plaintiff's status as an employee because of the plaintiffs sex.

- A. The defendant cannot demonstrate a triable issue of fact that the defendant did not fire the plaintiff because of their sexual orientation status violating Title VII's prohibition on discrimination because of sex.

- B. Bostock v. Clayton County, Georgia, No. 17-1618 (S. Ct. June 15, 2020) "Discrimination based on homosexuality or transgender status necessarily entails discrimination based on sex; the first cannot happen without the second."

- C. Bostock v. Clayton County, Georgia, No. 17-1618 (S. Ct. June 15, 2020) the Supreme firing individual because of their sexual orientaiton or transgender status violates Title VII's prohibition on discrimination because of sex.
- D. The defendant cannot demonstrate a triable issue of fact the defendant did not discriminate against the plaintiff with respect to the materially adverse action being at termination based on retaliation already occuring during a protected activity

## C. Plaintiffs are entitled to Summary Judgment on Claim 3:

### 1. Burden of proof and elements

The Plaintiff's claim of retaliation under EEO law & unlawful employment practices etaliation practices under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2 requires the Plaintiff to establish, by a preponderance of the evidence, a prima facie case that:

(i) Retaliation occurs when an employer takes a materially adverse action

(ii) Retaliation occurs when an employer takes a materially adverse action because an applicant or employee asserts rights protected by the EEO laws.(iii) Asserting EEO rights is called "protected activity."

(iii) Unlawful employment practices Employer practices- It shall be an unlawful employment practice for an employer -to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;

*(iiii) or to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any b individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.*

### 2. Elements that cannot be proven by Defendant

<u>Element:</u> The defendant cannot demonstrate a triable issue of fact that the defendant did not fire the plaintiff because of their sexual orientation violating Title VII's prohibition on discrimination because of sex.

A. The complaint is a prima facie case of retaliation and unlawful employment practices
B. The complaint is a prima facie case of retaliation and unlawful employment practices because the defendant's discrimination on sex, materially adverse action, termination and retaliation, audio.

## CONCLUSION

Because the Defendant's evidence, viewed in the light most favorable to her, is insufficient to establish all of the elements of claim, the Plaintiff is entitled to summary judgment on all claims. In addition, the prima facie case indicates that the plaintiffs have proven their affirmative defense of EEO law & Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2, entitling them to summary judgment.

Dated: December 22, 2021

Nathanael Jenkins

Pro Se Litigant

By: /s/Nathanael Jenkins

Nathanael Jenkins

npj419@gmail.com

Certificate of Service

The undersigned hereby certifies that on the 22th of December, 2021. A true and correct copy of this document was served by hand or U.S. Mail

DORSEY & WHITNEY LLP

1031 W. 4th Avenue Suite 600

Anchorage, AK 99501-5907

United States District Court

222 W 7th Ave

Anchorage, AK 99513