# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATHANIEL JENKINS,<br><br>        Plaintiff,<br><br>        v.<br><br>ACDA/EASY PARK,<br><br>        Defendant. | Case No. 3:20-cv-00217-SLG-KFR |

## **PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS FOR THE DISPOSITION OF MOTIONS FOR SUMMARY JUDGMENTS**

### I. MOTIONS PRESENTED AND PROCEDURAL HISTORY

On September 4, 2020, pro se Plaintiff Nathaniel Jenkins filed a Complaint under 42 U.S.C. § 1983 and Alaska law against Defendant ACDA/Easy Park alleging he was unlawfully discriminated against and terminated from his employment at ACDA/Easy Park in retaliation for engaging in a protected activity, specifically, filing a harassment complaint against a co-worker.[1]

Defendant answered[2] and the parties engaged in unsuccessful settlement negotiations on November 2, 2021.[3] Following the filing of

---

[1] Dkt. 1.
[2] Dkt. 8.
[3] Dkts. 15, 17.

Final R&R on Motions for Summary Judgment
*Jenkins v. ACDA/Easy Park*                                                              Page **1** of **17**
3:20-cv-00217-SLG-KFR
Case 3:20-cv-00217-SLG-KFR    Document 41    Filed 06/17/22    Page 1 of 17

Defendant's Motion for Summary Judgment on December 16, 2021, multiple briefs came in rapid succession: on December 27, 2021, Plaintiff filed a Motion of Summary Judgment followed one week later by Plaintiff's Summary Judgment Response, and his opposition to Defendant's Motion for Summary Judgment.[4] In his Summary Judgment Response, Plaintiff inserted a new claim, arguing that he "suffered unlawful employment practices under…[Title VII,] 42 U.S.C. § 2000e-2."[5]

On January 18, 2022, Defendant filed an Opposition to Plaintiff's "Motion of Summary Judgment" and Cross-Motion for Summary Judgment on Jenkin's Newly-Raised Title VII Claims.[6] This cross-motion seeks both dismissal of the newly-raised Title VII claims, as well as summary judgment on those matters.[7] On the same day, Defendant also filed a reply to Plaintiff's response in opposition to Defendant's original Motion for Summary Judgment.[8]

---

[4] Dkts. 19, 22, 23.
[5] Dkt. 23 at 2.
[6] Dkt. 30.
[7] *Id.* Defendant did not object to Plaintiff's apparent amendment of his original complaint and addressed substantively all of Plaintiff's claims. Given Plaintiff's pro se status and Defendant's lack of objection, the Court's proposed findings and recommendations similarly address all of Plaintiff's claims as if they were properly filed as part of his original complaint.
[8] Dkt. 31.

Final R&R on Motions for Summary Judgment
*Jenkins v. ACDA/Easy Park* Page **2** of **17**
3:20-cv-00217-SLG-KFR
Case 3:20-cv-00217-SLG-KFR   Document 41   Filed 06/17/22   Page 2 of 17

On May 6, 2022, the Court conducted a hearing to better understand the status of the case and the parties' intent as to whether the claims fell under 42 U.S.C. § 1983 or 42 U.S.C. § 2000e, also known as Title VII. At the conclusion of that hearing, Plaintiff asked to admit into evidence additional documents in support of his filings. The Court granted Defendant's objection to admission of these items.

This Court considered all filings and, for the following reasons, recommends the District Court **GRANT** Defendant's Motion for Summary Judgment at Docket 19 as it relates to Plaintiff's § 1983 claims, and Defendant's Motion to Dismiss at Docket 30 as it relates to Plaintiff's Title VII claims. This Court also recommends **DENYING** Plaintiff's Motion for Summary Judgment at Docket 22.

## II. LEGAL STANDARD

### a. Motion for Summary Judgment

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The burden of showing the absence of a genuine dispute of material fact lies with

Final R&R on Motions for Summary Judgment
*Jenkins v. ACDA/Easy Park*  Page **3** of **17**
3:20-cv-00217-SLG-KFR
Case 3:20-cv-00217-SLG-KFR   Document 41   Filed 06/17/22   Page 3 of 17

the moving party.[9] If the moving party meets this burden, the non-moving party must present specific factual evidence demonstrating the existence of a genuine issue of fact.[10] The non-moving party may not rely on mere allegations or denials.[11] Rather, that party must demonstrate that enough evidence supports the alleged factual dispute to require a finder of fact to make a determination at trial between the parties' differing versions of the truth.[12]

When considering a motion for summary judgment, a court views the facts in the light most favorable to the non-moving party and draws "all justifiable inferences" in the non-moving party's favor.[13] To reach the level of a genuine dispute, the evidence must be such "that a reasonable jury could return a verdict for the non-moving party."[14] If the evidence provided by the non-moving party is "merely colorable" or "not significantly probative," summary judgment is appropriate.[15]

---

[9] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).
[10] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).
[11] *Id.*
[12] *Id.* citing *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253 (1968).
[13] *Id.* at 255 citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970).
[14] *Anderson*, 477 U.S. at 248.
[15] *Id.* at 249.

Final R&R on Motions for Summary Judgment
*Jenkins v. ACDA/Easy Park*  Page **4** of **17**
3:20-cv-00217-SLG-KFR
Case 3:20-cv-00217-SLG-KFR   Document 41   Filed 06/17/22   Page 4 of 17

### b. Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings.[16] Dismissal is appropriate under Rule 12(b)(6) when a plaintiff's allegations fail "to state a claim upon which relief can be granted." This failure may be based on the absence of a cognizable legal theory, or on the absence of sufficient facts alleged under a cognizable legal theory.[17] Courts may generally consider only "the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice."[18]

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[19] This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[20]

Generally, Courts must "accept all material allegations of fact as true, construe the complaint in a light most favorable to the non-moving party"[21] and accept as true all reasonable inferences which can be drawn from the

---

[16] *De La Cruz v. Tormey,* 582 F.2d 45, 48 (9th Cir. 1978).
[17] *Johnson v. Riverside Healthcare System,* 534 F.3d 1116, 1121 (9th Cir. 2008).
[18] *Metzler Inv. GMBH v. Corinthian Colleges, Inc.,* 540 F.3d 1049, 1061 (9th Cir. 2008).
[19] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).
[20] *Id.* at 550.
[21] *Vasquez v. Los Angeles County,* 487 F.3d 1246, 1249 (9th Cir. 2007).

Final R&R on Motions for Summary Judgment
*Jenkins v. ACDA/Easy Park*      Page **5** of **17**
3:20-cv-00217-SLG-KFR
Case 3:20-cv-00217-SLG-KFR    Document 41    Filed 06/17/22    Page 5 of 17

facts alleged.[22] However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[23]

Plausibility does not equate to probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully."[24] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[25] Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.[26] Dismissal of claims that fail to meet this standard should be with leave to amend unless it is clear that amendment could not cure the complaint's deficiencies.[27]

### III. DISCUSSION

#### a. Civil Rights Act; Title 42, United States Code, Section 1983 Claims

##### i. Failure to Identify Individual

Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory

---

[22] *Broam v. Bogan,* 320 F.3d 1023, 1028 (9th Cir. 2003).
[23] *Ashcroft v. Iqbal,* 556 U.S. 662, (2009) (citation omitted).
[24] *Iqbal,* 129 S. Ct. at 1949.
[25] *Id.*
[26] *Id.* at 1950.
[27] *Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1296 (9th Cir. 1998).

Final R&R on Motions for Summary Judgment
*Jenkins v. ACDA/Easy Park* Page **6** of **17**
3:20-cv-00217-SLG-KFR

rights.[28] Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred."[29]

"To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed *by a person* acting under color of state law."[30] To prove discrimination in violation of § 1983, a plaintiff must demonstrate that the *individual* defendant acted with the intent to discriminate,[31] and allege facts showing how those defendants caused or personally participated in causing the harm alleged in the complaint.[32]

In this case, Plaintiff cannot meet either element of a successful § 1983 claim. Plaintiff's Complaint does not identify any constitutionally protected right, nor does he allege that any individual violated his civil rights. Instead, he argues only that he was wrongfully terminated from his at-will employment by Defendant ACDA/Easy Park, a municipal corporation. Even accepting the facts in Plaintiff's complaint as true, there is no basis for relief under § 1983.

---

[28] *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001).
[29] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).
[30] *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012) (emphasis added).
[31] *Daniels v. Williams*, 474 U.S. 327 (1986); *Peters v. Lieuallen*, 746 F.2d 1390, 1393 (9th Cir. 1984) (emphasis added).
[32] *Arnold v. IBM,* 637 F.2d 1350, 1355 (9th Cir. 1981).

Final R&R on Motions for Summary Judgment
*Jenkins v. ACDA/Easy Park*                                    Page **7** of **17**
3:20-cv-00217-SLG-KFR
Case 3:20-cv-00217-SLG-KFR   Document 41   Filed 06/17/22   Page 7 of 17

### ii. At-will Employee

"A government employee has a constitutionally protected property interest in continued employment when the employee has a legitimate claim of entitlement to the job."[33] To establish a due process violation, a plaintiff must show that he has a protected property interest under the Due Process Clause and that he was deprived of the property without receiving the process that he was constitutionally due.[34] If under state law employment is at-will, then the claimant has no property interest in the job.[35]

To create a constitutionally protected property interest in continued employment, "the law must remove the decision to grant the benefit from agency discretion."[36] "A state law which limits the grounds upon which an employee may be discharged, such as conditioning dismissal on a finding of cause, creates a constitutionally protected property interest."[37] "Where, however, a state employee serves at will, he or she has no reasonable expectation of continued employment, and thus no property right."[38]

---

[33] *Portman v. County of Santa Clara*, 995 F.3d 898, 904 (9th Cir. 1993) (citing *Board of Regents v. Roth*, 408 U.S. 564, 577, (1972)).
[34] *Levine v. City of Alameda*, 525 F.3d 903, 905 (9th Cir. 2008).
[35] *Portman*, 995 F.2d at 904.
[36] *Peacock v. Board of Regents of Univ. and State Colleges of Arizona,* 510 F.2d 1324, 1327 (9th Cir. 1975).
[37] *Dyack v. Commonwealth of Northern Mariana Islands*, 317 F.3d 1030, 1033 (9th Cir. 2003).
[38] *Id. Ortiz v. Lopez*, 688 F.Supp.2d 1072, 1082 (E.D. Cal., 2010).

Final R&R on Motions for Summary Judgment
*Jenkins v. ACDA/Easy Park* Page **8** of **17**
3:20-cv-00217-SLG-KFR
Case 3:20-cv-00217-SLG-KFR   Document 41   Filed 06/17/22   Page 8 of 17

Alaska has long recognized the doctrine of "at-will" employment, which is terminable by either party with or without notice for good, bad, or no reason. As an at-will employee,[39] Plaintiff had no property interest in his job and nothing in the record indicates Defendant ever acted in a way to create such an expectation. Accordingly, under § 1983 Plaintiff has not been denied any right to which he is entitled and there is no basis under that statute for him to challenge his termination.

### iii. Municipality Exception

In addition, Defendant sues Defendant ACDA/Easy Park. This entity is not an individual, as required in § 1983 actions, but rather, a municipal corporation. Accordingly, Plaintiff has failed to set forth facts against any individual defendant that personally participated in causing him harm of constitutional dimension.

Municipalities are included in the definition of "persons" whose unconstitutional actions may give rise to section § 1983 liability.[40] A plaintiff seeking to impose § 1983 liability on a municipality must premise his claim on one of three distinct theories: "(1) that a [municipal] employee was acting

---

[39] Dkt. 19-2 at 6, 16.
[40] *Christie v. Iopa*, 176 F.3d 1231, 1234 (9th Cir. 1999) *citing Monell v. Dept. Of Social Servs. of N.Y. City*, 436 U.S. 658, 694 (2018).

Final R&R on Motions for Summary Judgment
*Jenkins v. ACDA/Easy Park* Page **9** of **17**
3:20-cv-00217-SLG-KFR
Case 3:20-cv-00217-SLG-KFR Document 41 Filed 06/17/22 Page 9 of 17

pursuant to an expressly adopted official policy; (2) that a [municipal] employee was acting pursuant to a longstanding practice or custom; or (3) that a [municipal] employee was acting as a 'final policymaker.'"[41]

Even if the Court were to apply the § 1983 rules regarding a municipality to a municipal corporation like Defendant,[42] Defendant cannot be held liable under any of the three theories.[43] Plaintiff does not allege any facts to suggest that a municipal employee was acting pursuant to an expressly adopted official policy; pursuant to a longstanding practice or custom; or as a final policymaker. Moreover, taking all of the facts alleged by Plaintiff in the light most favorable to him, none of these conclusions can be reached.

In summary, Plaintiff's § 1983 claims fail for multiple reasons. Plaintiff was an at-will employee who had no Due Process property right to his job. Moreover, Plaintiff has not identified any individual who violated his rights, only the municipal corporation for whom he worked. There is no reasonable dispute regarding the facts that allow the Court to reach these conclusions, and no basis on these facts that would permit a jury to find in Plaintiff's favor

---

[41] *Eng v. Cnty. of Los Angeles*, 737 F.Supp.2d 1078, 1103 (C.D. Cal., 2010).
[42] *See L.A. Unified Sch. Dist. v. Superior Court*, 151 Cal. App. 4th 759 (2007); Cal. Gov't Code § 6252(c) (defining "[p]erson").
[43] *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691; *Jackson v. Barnes*, 749 F.3d 755, 762 (9th Cir. 2014).

Final R&R on Motions for Summary Judgment
*Jenkins v. ACDA/Easy Park*                                        Page **10** of **17**
3:20-cv-00217-SLG-KFR
Case 3:20-cv-00217-SLG-KFR   Document 41   Filed 06/17/22   Page 10 of 17

on his § 1983 claim. Given these deficiencies, this Court recommends granting Defendant's Motion for Summary Judgment and dismissing Plaintiff's Complaint which alleges violations of his rights under § 1983.

### b. Title VII of the Civil Rights Act; Title 42, United States Code, Section 2000e Claims

Federal law prohibits an employer from discriminating against an employee or applicant for employment "because of such individual's race, color, religion, sex, or national origin[.]"[44] Title VII requires that before filing suit in federal court, a plaintiff must first pursue his claims through the Equal Employment Opportunity Commission ("EEOC") process.[45] When the EEOC dismisses a claim, it is required to notify and inform claimant that he has 90 days to bring a civil action.[46] This notification is commonly known as a "right-to-sue" letter.[47] This timing requirement constitutes a statute of limitations and if claimant fails to file within the 90-day period, the potential civil action is time-barred.[48]

---

[44] Title 42 U.S.C. § 2000e–2(a)(1) ("Title VII").
[45] *Ft. Bend County, Texas v. Davis*, 139 S. Ct. 1843, 1848-52 (2019).
[46] 42 U.S.C. § 2000e–5(f)(1) (1988).
[47] *Id.*; 29 C.F.R. § 1601.28.
[48] *Scholar v. Pac. Bell*, 963 F.2d 264, 266-67 (9th Cir. 1992); *see also Edwards v. Occidental Chem. Corp.*, 892 F.2d 1442, 1445 (9th Cir. 1990).

Final R&R on Motions for Summary Judgment
*Jenkins v. ACDA/Easy Park* Page **11** of **17**
3:20-cv-00217-SLG-KFR
Case 3:20-cv-00217-SLG-KFR   Document 41   Filed 06/17/22   Page 11 of 17

Plaintiff submitted in his Complaint a copy of the EEOC right-to-sue letter he received following his complaint of discrimination.[49] This letter states it was mailed on February 6, 2019.[50] During the May 6, 2022, Motion Hearing, Plaintiff argued that this letter was mailed to a prior address and was not forwarded to him when he left that location. He added that he only received that letter on June 4, 2020, shortly after he followed up with the EEOC to inquire as to why he had not yet received his right-to-sue letter. This contention is supported by documentation Plaintiff filed with his Complaint which shows a postmark of May 29, 2020, on the envelope purporting to have contained his right-to-sue letter, and a hand-written notation on the letter of "6,4,2020."[51]

The Ninth Circuit presumes receipt of a right-to-sue letter three days after its mailing.[52] However, the three-day presumption appears to apply only in cases in which there is no question as to the receipt or attempted

---

[49] Dkt. 1-1 at 1.
[50] *Id.*
[51] *Id.* at 2-3; *see also* Dkt. 38 at 17-18. At the motion hearing, Plaintiff represented that he wrote the date on the envelope in order to memorialize the date he received the letter.
[52] *See Payan v. Aramark Mgmt. Servs. Ltd. P'Ship*, 495 F.3d 1119, 1126 (9th Cir. 2007).

Final R&R on Motions for Summary Judgment
*Jenkins v. ACDA/Easy Park*                                                               Page **12** of **17**
3:20-cv-00217-SLG-KFR

delivery of the document.[53]  Such questions are present in this case as there is nothing in the record to indicate that delivery at the address reported by Defendant in his original complaint to EEOC was accomplished or even attempted on or near the February 9, 2019 mailing date or any time thereafter.

Nonetheless, Plaintiff was still untimely in his filing.  Plaintiff admits receiving his right-to-sue letter on June 4, 2020, and his hand-written notation on the envelope filed with his Complaint supports that statement.  However, he filed his Complaint on September 4, 2020, 92-days later.  Plaintiff failed to file his Complaint within the prescribed 90-day statutory window.

Nothing excuses Plaintiff's failure to comply with this filing deadline.  Equitable tolling has been applied to Title VII claims to excuse late filings, however, it is to be used "sparingly," and "[c]ourts have been generally unforgiving … when a late filing is due to claimant's failure 'to exercise due diligence in preserving his legal rights[.]'"  Individuals with matters before the EEOC have an obligation to be diligent in insuring receipt of their right-

---

[53] *Accord Payan*, 495 F.3d at 1122-26 (applying three-day rule in case in which the plaintiff undisputedly received the right-to-sue letter but "the actual date of receipt is unknown.")

Final R&R on Motions for Summary Judgment
*Jenkins v. ACDA/Easy Park*　　　　　　　　　　　　　　　　　　　　　　　　　Page **13** of **17**
3:20-cv-00217-SLG-KFR
Case 3:20-cv-00217-SLG-KFR   Document 41   Filed 06/17/22   Page 13 of 17

to-sue letters.⁵⁴ It was Plaintiff's responsibility to ensure the EEOC had his correct mailing address and to follow up on his EEOC complaint in a timely manner to ensure he met the 90-day window for filing of his complaint.⁵⁵ Plaintiff has failed to exercise the diligence in this matter that the law requires of him and the doctrine of equitable tolling cannot be applied to his case.

Plaintiff's Complaint under Title VII filed on September 4, 2020, is time-barred. This date is outside the 90-day window for filing Title VII civil actions regardless of whether or not Plaintiff's right-to-sue letter was received on or about February 6, 2019, or on June 4, 2020. Accordingly, this Court recommends Granting Defendant's motion to dismiss these claims.⁵⁶

---

⁵⁴ *Nelmida v. Shelly Eurocars. Inc.*, 112 F.3d 380, 385 (9th Cir. 1997); *see also* 29 C.F.R. §1601.7(b)(stating that a person who has filed a Title VII charge "has the responsibility to provide the Commission with notice of any change in address and with notice of any prolonged absence from that current address so that he or she can be located when necessary during the Commission's consideration of the charge.")

⁵⁵ *Nelmida*, 112 F.3d at 383–84 (holding that the 90-day limit began running on the date the notice was delivered to the most recent address plaintiff provided the EEOC because claimant's failure to tell the EEOC that he had moved was not an event beyond his control); *see also Baldwin Cnty. Welcome Center v. Brown*, 466 U.S. 147, 151 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.")

⁵⁶ Because the Court recommends dismissal as a result of the fact that Plaintiff's Title VII action is time-barred, the Court declines to reach the merits of Defendant's Motion for Summary Judgment as they relate to this claim.

Final R&R on Motions for Summary Judgment
*Jenkins v. ACDA/Easy Park* Page **14** of **17**
3:20-cv-00217-SLG-KFR

Case 3:20-cv-00217-SLG-KFR   Document 41   Filed 06/17/22   Page 14 of 17

## IV. CONCLUSION

Defendant's Motion for Summary Judgment seeking dismissal of Plaintiff's § 1983 claims alleged as part of Plaintiff's original Complaint should be granted. This Court finds that there is no genuine dispute as to any material fact relating to these § 1983 claims. Plaintiff was an at-will employee with no Due Process rights to his employment, and Defendant is not an individual, but rather, a municipal corporation. In light of these facts, no reasonable jury could return a verdict for Plaintiff on these claims. Therefore, this Court recommends **GRANTING** Defendant's Motion for Summary Judgment at Docket 19.

In addition, Plaintiff's later-filed Title VII Claim is time-barred, which makes any amendment related to this claim futile. This Court therefore recommends **GRANTING** Defendant's Cross-Motion for Summary Judgment at Docket 30 and **DISMISSING WITH PREJUDICE** the employment discrimination claims contained in Plaintiff's Summary Judgment Response at Docket 22.

//

//

//

Final R&R on Motions for Summary Judgment
*Jenkins v. ACDA/Easy Park*      Page **15** of **17**
3:20-cv-00217-SLG-KFR
Case 3:20-cv-00217-SLG-KFR   Document 41   Filed 06/17/22   Page 15 of 17

Finally, this Court recommends **DENYING** Plaintiff's Motion for Summary Judgment at Docket 22.

DATED this 17th day of June, 2022 at Anchorage, Alaska.

*s/ Kyle F. Reardon*
KYLE F. REARDON
United States Magistrate Judge
District of Alaska

**NOTICE OF THE RIGHT TO OBJECT**

Under 28 U.S.C. § 636(b)(1), a district court may designate a magistrate judge to hear and determine matters pending before the Court. For dispositive matters, a magistrate judge reports findings of fact and provides recommendations to the presiding district court judge.[57] A district court judge may accept, reject, or modify, in whole or in part, the magistrate judge's order.[58]

A party may file written objections to the magistrate judge's order within 14 fourteen days.[59] Objections and responses are limited to five (5) pages in length and should not merely reargue positions previously

---

[57] 28 U.S.C. § 636(b)(1)(B).
[58] 28 U.S.C. § 636(b)(1)(B).
[59] *Id.*

Final R&R on Motions for Summary Judgment
*Jenkins v. ACDA/Easy Park* Page **16** of **17**
3:20-cv-00217-SLG-KFR
Case 3:20-cv-00217-SLG-KFR   Document 41   Filed 06/17/22   Page 16 of 17

presented. Rather, objections and responses should specifically identify the findings or recommendations objected to, the basis of the objection, and any legal authority in support. Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment.[60]

---

[60] *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).

Final R&R on Motions for Summary Judgment
*Jenkins v. ACDA/Easy Park* Page **17** of **17**
3:20-cv-00217-SLG-KFR
Case 3:20-cv-00217-SLG-KFR   Document 41   Filed 06/17/22   Page 17 of 17